**IN THE COURT OF APPEALS OF IOWA**

No. 23-1355
Filed June 5, 2024

**IN THE MATTER OF THE TRUST OF DUANE M. PAGEL,**

**RICHARD PAGEL,**
        Appellant.
_____

        Appeal from the Iowa District Court for Fayette County, Richard D. Stochl,

Judge.


        A former trustee appeals the ruling denying his application for fees, costs,

and expenses. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

**WITH DIRECTIONS.**


        Nick Critelli and Lylea Critelli of Critelli Law, P.C., Des Moines, for appellant.

        Gary J. Boveia of Boveia Law Firm, Waverly, for appellee Brenda Warnke.

        Todd A. Geer of Heronimus, Schmidt, Allen, Schroeder & Geer, Grundy

Center, for appellee Susan Moulds.

        Jeremy B. Hahn of Roberts & Eddy, P.C., Independence, for appellees

Lacey Pagel, Jesse Pagel, and Alex Pagel.

        Christopher C. Fry and Alex L. Hofer of O'Connor & Thomas, P.C.,

Dubuque, for appellee James Updegraff.

        Patrick B. Dillon of Dillon Law P.C., Sumner, for appellee First National

Bank of Waverly.


        Considered by Greer, P.J., and Chicchelly and Langholz, JJ.

**GREER, Presiding Judge.**

Raising an argument claiming abuse of discretion related to an application for attorney fees under Iowa Code section 633A.4507 (2019), Richard Pagel appeals the ruling denying his application for fees, costs, and expenses in this dispute involving the Duane M. Pagel trust (the Trust). He asserts that as the prevailing party, he was entitled to attorney fees under section 633A.4507. Richard's claim encompasses a request for attorney fees for defending against both a 2010 real estate transaction and a 1998 sale of farm stock. While he prevailed on getting the action dismissed as to both claims, the court did not address the fee request for defending the challenge to the 1998 sale of farm stock. Thus, the court abused its discretion and upon our review, we find the court should have determined if fees were warranted under the law on that issue and remand with directions for further proceedings. We affirm the court's ruling in part involving the defense of the 2010 real estate claim, finding the court did not abuse its discretion in denying Richard's fees, costs, and expenses as to that claim.

**I. Background Facts and Prior Proceedings.**

Duane Pagel died testate in September 1997. He was survived by his wife, Margaret Pagel, and five children: Richard, Douglas Pagel, Barbara Hyman, Brenda Warnke, and Susan Moulds. Duane's will provided for the creation of the Trust and named both Margaret and Douglas as co-trustees. Douglas died in May 2003, and Richard was nominated and appointed to serve as co-trustee in place of Douglas in September 2003. James Updegraff was designated as attorney for the Trust in October 1998.

Margaret died in May 2017, and, pursuant to the Trust's terms, the remainder of the Trust estate was to be distributed to her children, or if deceased, to that child's children. In June, Susan made inquiries into trust transactions and requested information. After her inquiry, in November, the Trust beneficiaries received a first report, accounting, and proposed distribution of the Trust assets—that accounting listed a 2010 real estate contract to Richard and his wife, Theresa Pagel, and the sale of Sunlight Farms, Inc. stock to "Rick Pagel over time."[1] In April 2018, Susan filed a formal demand for accounting for the entire term of the life of the Trust. Brenda made a similar demand the next month. Richard, in his capacity as trustee, responded by filing an accounting and application for partial distribution. Brenda, Susan, and Douglas's children—Lacey, Jesse, and Alex Pagel—(the Beneficiaries)[2] all objected to the partial distribution. They asserted a breach of the duty of loyalty and a claim of self-dealing. The court ordered a full accounting going back to 2003. As trustee, Richard complied and filed an accounting in October 2018. He disclosed the sale of real estate, noting the price was set solely by his mother, Margaret. Richard resigned as trustee in January 2019, along with the acting trust attorney, and a senior trust officer at a "neutral" institution was appointed as replacement trustee.

In February 2019, the Beneficiaries petitioned to set aside the 2010 real estate transaction and sale of Pagel Sunlight Farm Inc. stock referenced in the first accounting. In their petition, they alleged that in 2010, Richard and Theresa

[1] Later, in an October 2018 accounting, this was changed to "sold to Theresa Pagel over time."
[2] Barbara Hyman is not a party here. Lacey, Jesse, and Alex filed a petition to intervene in the Trust as beneficiaries in June 2018.

purchased 163 acres of farmland by contract from the Trust for $274,729.75[3] at which time the fair market value—based upon an appraisal of the property solicited by the Beneficiaries—was $464,180.00. The terms of the Trust only allowed for the purchase of the farmland by one of Duane's children who wished to farm before the closing of Duane's estate; the estate closed in October 1998 with no one exercising the option. The Beneficiaries alleged that Richard did not seek court approval for this 2010 sale. In a second division, the Beneficiaries also alleged that at some time unknown to them, 100 shares of Pagel Sunlight Farms, Inc. stock was sold to either Richard or Theresa for $61,979.36, while the stock was valued at $289,831. The Beneficiaries objected to this sale for the same reasons as the sale of the farmland. In an amended petition filed in January 2020, they also alleged that former trust attorney Updegraff was negligent in facilitating these transfers of trust assets.[4]

Richard moved for summary judgment in December 2020. In his motion, he alleged that the farm stock sale occurred in 1998, which was before he was a trustee, and that both claims were time-barred. A hearing was held in March 2021 and in August 2022, the court dismissed the Beneficiaries' petition. Because the Beneficiaries had notice of both sales in November 2017 when they received the first report, accounting, and proposed distribution of the Trust assets and did not

---

[3] Richard produced a 2010 letter and market analysis that set the value of the farm at $274,729.75, but that value was calculated using "non-tillable value" and did not take into account an actual market value based upon the quality of the crop land, noting the "value will increase when you add the tillable low quality cropland price of $2,949 per acre." In the notes, if a crop value was added back into the analysis, the value was $393,392.73.

[4] Updegraff resigned as attorney for the Trust in June 2017.

file their petition until fifteen months later, the court found the Beneficiaries' claims were not filed within the one-year statute of limitations.[5]  As for the sale of farm stock, the court determined the section 633A.4202 claim must fail because Richard was not a trustee at the time of that transaction.  No one appealed the summary judgment ruling.

In April 2023, Richard filed an application for fees, costs, and expenses requesting that the Trust, Beneficiaries, or both pay for his attorney fees incurred defending against the allegations made in the petition to set aside the sales.[6]  Following a hearing in June, the court denied the application, finding that "Richard was successful in defending against the plaintiff[s'] attempts to set aside his self-dealing.  However, his success was not based on his clean hands but rather the running of the statute of limitations."  The court made no mention of the fees related to the defense of the 1998 stock transfer even though Richard asked the court to reconsider its ruling.  Richard appeals.

**II. Standard of Review.**

We review the denial of an attorney-fee award for an abuse of discretion. *See In re Trust No. T-1 of Trimble*, 826 N.W.2d 474, 482 (Iowa 2013) (noting proceedings involving the internal affairs of a trust are tried in equity but "[o]ur review of an attorney-fee award is for abuse of discretion").  The court "abuses its discretion when its ruling is based on grounds that are unreasonable or untenable." *Id.* "A ruling is clearly unreasonable or untenable when it is 'not supported by

---

[5] This ruling was pursuant to Iowa Code section 633A.4504(1) (2019), which establishes the one-year statute of limitations for claims against a trustee for breach of trust.

[6] Rick claimed $82,596 in attorney fees.

substantial evidence or when it is based on an erroneous application of the law.'" *In re Marriage of Kimbro*, 826 N.W.2d 696, 698–99 (Iowa 2013) (citation omitted).

**III. Analysis.**

Here, the core question is Richard "entitled" to recover fees and costs. To answer this in the positive, Richard asserts the court abused its discretion in not ordering payment of fees because it ignored or misapplied existing legal authority.

Iowa Code section 633A.4507 governs awards of attorney fees in judicial proceedings involving the administration of a trust. That section provides: "In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, *may* award costs and expenses, including reasonable attorney fees, to any party, to be paid by another party or from the trust that is the subject of the controversy." (Emphasis added.) Our supreme court has relied on the criteria in *Trimble* to determine what "justice and equity" require in these cases, and they are:

> (a) reasonableness of the parties' claims, contentions, or defenses; (b) unnecessarily prolonging litigation; (c) relative ability to bear the financial burden; (d) result obtained by the litigation and prevailing party concepts; and (e) whether a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons in the bringing or conduct of the litigation.

826 N.W.2d at 491 (citation omitted); *see also id.* (noting "[t]he phrase connotes fairness and invites flexibility in order to arrive at what is fair on a case by case basis" (citation omitted)).

The Beneficiaries' unsuccessful challenges for which Richard seeks fees involved two trust transactions: the 1998 Pagel stock sale and the 2010 real estate

contract sale. On the question of entitlement to fees, we separate our analysis by each of the two challenges as they involved different considerations.

**The 1998 Sunlight Farm, Inc. Stock Transfer.**

The challenge to the stock transfer was not a reasonable position under these facts, although not pursued in bad faith or to be vexatious by the Beneficiaries, as they appeared to have dropped the issue as to Richard by the summary judgment stage. But without dispute, Richard prevailed as to that challenge. And as the district court held:

> Iowa Code section 633A.4202(2) governs the actions of a trustee. Richard was not a trustee at the time of the 1998 farm stock transaction. At the time of the stock transaction the co-trustees were Margaret Pagel and Douglas Pagel. Any claim against Richard under Iowa Code section 633A.4202 must fail regarding the 1998 stock transaction.

However, in the fee order, the court specifically did not address the 1998 farm stock sale—"for purposes of this [fee] order, the court is only concerned with the real estate transaction"—even after Richard moved to have the court reconsider the issue. Failing to apply the *Trimble* criteria to determine what justice and equity require was an abuse of the court's discretion as it was an erroneous application of the law and failed to address fees incurred by Richard to defend the actions of the then-trustees involving the 1998 stock transaction. *See Trimble*, 826 N.W.2d at 492 (noting a first step is to determine whether expenditures "were properly incurred in the administration of the trust or otherwise benefited the trust"). We find that there remains a question as to whether some of the *Trimble* criteria were established as to this claim. Thus, insofar as the district court rejected Richard's fee request for the 1998 stock transfer without applying the proper

factors, we vacate that portion of the ruling and remand for the district court to determine whether the *Trimble* factors support an award, what reasonable fees are related to only that issue, and who should bear responsibility for that amount based upon the ability to pay factor. *See id. a*t 491 (noting the "justice and equity" standard also encompasses a separate determination of whether the fees and expenses were reasonable).

**The 2010 Real Estate Sale.**

With the court's focus on only the 2010 real estate sale, it reasoned:

> Richard was successful in defending against the plaintiff[s'] attempts to set aside his self-dealing. However, his success was not based on his clean hands but rather the running of the statute of limitations. A cursory glance at the pleadings leads to a quick conclusion that Richard sold trust land to himself for far less [than] the market value to the detriment of other trust beneficiaries. His request to now have the [T]rust pay his attorney's fees incurred in defending his self-dealing only adds insult to the injuries he has already caused. There is nothing fair about his actions. His self-dealing smells of unfairness. He can use assets from the windfall he realized by selling land to himself to pay his own attorney fees. Richard's request to tax his attorney fees to the [T]rust is DENIED.

Attacking the court's rationale for its decision, Richard contends:

> The [r]uling disregarded Richard's status as the prevailing party, ignored established prevailing party concepts, disregarded substantial evidence that corroborated the reasonableness of Richard's defenses, and afforded disproportional weight to Plaintiffs' unproven allegations. The [r]uling failed to consider evidence that established Plaintiffs unnecessarily prolonged the litigation and acted in bad faith in continuing the litigation. The [r]uling denied Richard's Application on grounds that were clearly unreasonable and untenable. The Ruling constitutes an abuse of discretion.

Richard points to the *Trimble* criteria and argues the court abused its discretion by not finding he was the "prevailing" party. We do not read the court's ruling to say that. The court noted Richard prevailed but focused on arguments made by the

Beneficiaries addressing self-dealing. With that in mind, we look to the standard of "justice and equity" to frame the question over entitlement to fees noting the phrase "connotes fairness and invites flexibility in order to arrive at what is fair on a case by case basis." *Id.* at 491 (citation omitted). The Beneficiaries argued that despite prevailing in the action below, the denial of Richard's attorney-fees claim is fair because he prevailed while defending against his own wrongdoing in his role as a trustee. The court agreed with this characterization of Richard's involvement with the trust related to the 2010 real estate transaction. And while we agree that Richard successfully advocated his position so that the court dismissed both claims made against him, we cannot find that the inquiry by the Beneficiaries is unreasonable given the facts known to them upon discovery. All parties concede that the *Trimble* guidelines are "nonexclusive guides." *Id.* (citation omitted). Thus, a finding that Richard prevailed and obtained a dismissal on this claim does not alone entitle him to his attorney fees, costs, and expenses.

While the court's fee ruling was concise, it appears the court did consider that as a trustee in 2010, Richard had various statutory duties. Under Iowa Code section 633A.4202(1) (2010), "[a] trustee shall administer the trust solely in the interest of the beneficiaries, and shall act with due regard to their respective interests." Likewise:

> Any transaction involving the trust which is affected by a material conflict between the trustee's fiduciary and personal interests is voidable by a beneficiary affected by the transaction unless one of the following applies:
> a. The transaction was expressly authorized by the terms of the trust.
> b. The beneficiary consented to or affirmed the transaction or released the trustee from liability as provided in section 633A.4506.

> c. The transaction is approved by the court after notice to interested persons.

*Id.* § 633A.4202(2).

On top of emphasizing that he prevailed by obtaining a dismissal of the claims, Richard focuses on other *Trimble* factors he contends the court failed to consider: the reasonableness of his position and the Beneficiaries' role in prolonging the litigation.[7] Here, involving the first factor—reasonableness of the parties' claims—both sides had reasonable contentions to present to the court. As exposed in the application for distribution and other accountings, the Beneficiaries learned that Richard obtained a farm in 2010 that was a Trust asset for less than fair market value while he served as a trustee. And even if the court could not fully reach the merits of Richard's alleged self-dealing due to the statute of limitations, we find the Beneficiaries advocated a position that "was at least debatable." *Trimble,* 826 N.W.2d at 492. Even under the documents submitted by Richard, he got a beneficial price.[8] Duane's will provided a specific avenue to exercise an option to purchase the farm before the estate closed, yet Richard bought it twelve years later and only after becoming a trustee. Richard urges that his mother

---

[7] As for the other two *Trimble* factors—"ability to bear the financial burden" and whether a party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons in the bringing or conduct of the litigation"—this decision makes that question moot. *Trimble*, 826 N.W.2d at 491 (citation omitted). And concerning the bad-faith factor, we do not see evidence establishing that level of conduct here.

[8] Richard argues that in 2010, Margaret—as co-trustee—made the decision the Trust would sell the asset without his input and with advice of counsel and with the expertise and advice of a real estate broker and her financial advisor. But the material from the broker shows that after Richard paid $274,749.75, he would have had a $118,642.98 benefit once the crop land value was added into the appraisal provided at the time of the transfer. Thus, his own evidence shows he received a favorable benefit while he served as a trustee.

wanted to sell to him and set the price on the advice of trust counsel, her financial advisor, and a real estate broker; he maintains because it was all Margaret's doing, the Beneficiaries claims are unsupported. But Margaret's duties to the Beneficiaries are not the question, as Richard as a co-trustee sold land to himself when the trust terms limited his power:

> [t]o acquire, invest, reinvest, exchange, retain, sell and manage trust assets with the exercise of the judgment and care which men of prudence, discretion and intelligence would exercise in the management of their own affairs under the circumstances then prevailing, considering the probable income as well as the probable safety of the capital.

He is responsible for his actions as a trustee. In the analysis of what is justice and equity under the facts involved here, we cannot find that the court abused its discretion when it found from the parties' filings that Richard sold trust land to himself for less than market value—which the court characterized as unfair to the other Beneficiaries. Overall, given the legitimate dispute over what was self-dealing or not, we cannot find the court abused its discretion in denying Richard's fees.

Richard primarily addresses the *Trimble* factor related to unnecessarily prolonging litigation under only the 1998 stock transfer claim—not the 2010 issue we are currently considering—suggesting the Beneficiaries knew early on that was a losing argument. Additionally, Richard argues the Beneficiaries' addition of a claim against the original trust attorney prolonged the resolution. We do not find this factor to be a legitimate basis for a fee award to Richard as everyone here had a hand in the length of this litigation. And we note that the addition of the claim

against trust counsel resulted in a successful outcome for the some of the beneficiaries.

Generally, "[a] fiduciary's entitlement to indemnification for attorney fees turns on whether its defense of the litigation is for its personal protection against claims of malfeasance or for expenses properly incurred to defend the management of the trust." *In re Petersen Trust*, No. 02-0243, 2002 WL 31883055, at *1 (Iowa Ct. App. Dec. 30, 2002) (citing *In re Trust of Killian,* 459 N.W.2d 497, 503 (Iowa 1990)).  Put another way, "a court considering whether to require a trust to pay the fees and costs of the trustee under section 633A.4507 should first consider whether the expenditures were properly incurred in the administration of the trust or otherwise benefited the trust." *Trimble*, 826 N.W.2d at 492 (interpreting Iowa Code § 633A.4110).  As the actions complained of involve Richard's role as a trustee, the fees incurred for the trustee's own defense against claims of malfeasance are not incurred in the administration of the trust and do not benefit the trust as to the 2010 sale.  *Petersen Trust*, 2002 WL 31883055, at *1.  In that scenario, justice and equity arguably would not require reimbursement for those attorney fees.

Although Richard responds that the fees were for administration of the Trust, the court reasoned that the need for an attorney was for the purpose to defend against setting aside the farm transaction tainted by Richard's breach of the duty of loyalty and alleged self-dealing.  We cannot find that the Beneficiaries acted in bad faith or were unreasonable in exploring and raising arguments that Richard did not treat them fairly in his role as trustee.  He may be able to blame others for that failure, but as it pertains to a claim for fees from the Beneficiaries, it

is not unreasonable or untenable to conclude the attorney fees incurred defending against that claim were not eligible for reimbursement by the Trust. Thus, the court did not abuse its discretion in denying Richard's application for attorney fees based on defending the 2010 farm sale claim.

**IV. Conclusion.**

The court abused its discretion in failing to consider and apply the *Trimble* criteria in determining if justice and equity required payment of part of Richard's fees and expenses related to his defense of the Trust's 1998 farm stock sale. We vacate the district court's ruling insofar as it denied Richard's request without applying the appropriate law and remand with directions to determine if Richard is entitled to fees, costs, and expenses as to that challenge and for the court to determine the appropriate award. But, as for the challenge over the 2010 real estate sale, we find that the court did not abuse its discretion when it disallowed the fees and expenses involved over that issue because justice and equity do not require that the Trust or any other party reimburse Richard for his attorney fees incurred in defending against reasonable claims made by the Beneficiaries over his breach of the duty of loyalty and self-dealing. We affirm the decision of the court regarding the request for attorney fees in the 2010 real estate transaction.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.**